NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0308n.06
Filed: May 3, 2006

No. 05-1508

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| TROY OGLE, ) | |
| ) | |
| **Plaintiff-Appellant,** ) | |
| ) | |
| v. ) | **ON APPEAL FROM THE UNITED** |
| ) | **STATES DISTRICT COURT FOR THE** |
| RICK HOCKER, ) | **EASTERN DISTRICT OF MICHIGAN** |
| ) | |
| **Defendant-Appellee.** ) | |

**Before: GIBBONS, GRIFFIN, and BRIGHT, Circuit Judges.**[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Reverend Troy D. Ogle, an international evangelist formerly affiliated with the Church of God, sued Reverend Rick Hocker, a Church of God pastor, for defamation and intentional infliction of emotional distress. The suit's central allegation was that Hocker made false statements concerning Ogle's sexuality. Hocker invoked the ecclesiastical abstention doctrine and moved to dismiss the suit pursuant to Fed. R. Civ. P. 12(b)(1). Alternatively, he argued that he was entitled to summary judgment on the merits of Ogle's defamation and intentional infliction of emotional distress claims.

The district court rejected Hocker's ecclesiastical abstention argument but granted him summary judgment on Ogle's defamation claim. In its order granting summary judgment, the district

_____

[*] The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

1

court explained that Hocker's alleged statements were not actionable under Michigan defamation law. The order did not dispose of Ogle's intentional infliction of emotional distress claim, and the district court did not certify an interlocutory appeal. Ogle timely appealed to this court, raising arguments in support of his defamation and intentional infliction of emotional distress claims.

We dismiss Ogle's appeal because "we must *sua sponte* police our own jurisdiction, regardless of whether the parties challenged jurisdiction." *Ohio v. Doe*, 433 F.3d 502, 506 (6th Cir. 2006). Our appellate jurisdiction is limited to final judgments rendered by the district courts, *see* 28 U.S.C. § 1291, unless a district court certifies an interlocutory appeal, *see* 28 U.S.C. § 1292(b). We may review "a decision by the District Court . . . [only if it] ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. "*Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981) (internal quotation omitted); *see also Mississippi Valley Equip. Co. v. Slurry Sys., Inc.*, 948 F.2d 1289, 1289 (6th Cir. 1991) (table) (indicating that this court may review an order issued by the district court only "if it leaves nothing remaining for the district court to do except execute final judgment"). Therefore, "an order disposing of fewer than all the . . . claims in an action is nonappealable" to this court. *Mississippi Valley*, 948 F.2d at 1289. Accordingly, we dismiss Ogle's appeal for want of jurisdiction because the district court order failed to dispose of the intentional infliction of emotional distress claim.